MAHONEY ET AL. *v*. STATE OF INDIANA ET AL.

[No. 30,333. Filed September 24, 1964.]

John M. Heeter, of Indianapolis, for appellants.

Edwin K. Steers, Attorney General and David S.

*Wedding,* Deputy Attorney General, for appellee, State of Indiana.

MYERS, J.—This is an appeal from a judgment of the Marion Criminal Court, Division One, of Marion County, Indiana, dated Augsut 9, 1962, wherein appellants were convicted of the crime of robbery. On their plea of not guilty, a trial was held before a jury which returned a verdict against them finding them guilty as charged in the indictment. (A directed verdict of not guilty for the appellants' co-defendant, Donald E. Wright, named as a party appellee herein, pursuant to the Court's Instruction No. 21, was returned by the jury.) Appellants were sentenced to the Indiana State Reformatory for a period of not less than ten years nor more than twenty-five years and disfranchised during prison years. A motion for new trial was filed which was overruled. This appeal followed. The assignment of errors is based upon the ground that the court erred in overruling the motion for new trial.

The motion for new trial sets forth three specifications of error: (1) An error of law occurring at the trial; (2) that the verdict of the jury is contrary to law; (3) that the verdict of the jury is not sustained by sufficient evidence. Specifications 2 and 3 are expressly waived by appellants and so present no question. Therefore, we shall consider only specification numbered one as argued by appellants in their brief. This reads as follows:

"1. Error of law occurring at the trial, in this, that the Court overruled the defendants' motion, made at the conclusion of the testimony of Walter Earl Barlow, a witness for the State during the State's presentation of its case-in-chief, said witness having testified on direct examination that he was robbed by these two defendants, on cross-

examination that he did not testify before the Grand Jury, nor at any time prior to trial while under oath, and on re-direct examination that he had testified in the courthouse before a reporter and some people sitting around a table, the said motion being, in substance, that, in view of the witness's testimony at the trial, the Court order the State to produce a transcript of said witness's testimony before the Grand Jury, to the Court for examination by the Court for the purpose of determining whether there were discrepancies, or, in the alternative, that the State represent to the Court, either, that the said witness did not testify before the Grand Jury, or that there is no transcript of his testimony."

Appellants contend that the trial court erred in overruling their motion asking that the State submit to the trial court for its examination a transcript of the testimony of the prosecuting witness, Walter Earl Barlow, before the Grand Jury, in order to determine whether there were any discrepancies between his testimony there, if any, and his testimony during the trial of the case..

Statutes pertaining to the make-up and operation of the Grand Jury are cited. Burns' Ind. Stat., §9-810, 1956 Replacement (Supp.), and Burns' Ind. Stat., §9-817, 1956 Replacement. The latter statute declares that a member of the Grand Jury may be required by any court to disclose testimony of a witness examined before it to ascertain whether it is consistent with testimony given by the witness before the court. Appellants did not call for a member of the Grand Jury to testify as they had the right to do. *State* v. *Brumfiel* (1919), 188 Ind. 584, 125 N. E. 40; *Hinshaw* v. *State* (1897), 147 Ind. 334, 47 N. E. 157; *Burdick* v. *Hunt et al.* (1873), 43 Ind. 381. They argue, simply, that the "progressive rule" is to permit an accused person to procure a stenographic record of testimony

taken before the Grand Jury. In so doing, they recognize authority cited by the State as upholding the Judge's ruling on the basis that, in Indiana, Grand Jury records are secret. This is the case of *Thrawley* v. *State* (1899), 153 Ind. 375, 385, 386, 55 N. E. 95, 99. In that case, this court stated as follows:

> "The next specification in the motion reads: 'The court erred in refusing to require the State to allow the defendant an inspection of the grand jury record containing the evidence of the State's witnesses before the grand jury, with a view to the proper cross-examination of said witnesses touching their recollection and the consistency of their stories and their credibility.' The State is the plaintiff. The indictment is the complaint. It is no more proof than is a complaint in a civil action. The clerk of the grand jury 'takes minutes' of the evidence given before them. They may, or may not, be taken correctly by the clerk. These minutes are preserved for the use of the prosecuting attorney on the trial as a memorandum of what the State's witnesses may be expected to testify to. The defendant is no more entitled to the use of these minutes than is a defendant in a civil case to his adversary's trial-brief of the evidence."

Appellants admit that "it is doubtful that the defendants are entitled to inspect the minutes of the evidence taken before the grand jury." They argue that this case is unsupported in logic and should be reexamined by the court. It is urged that it be either overruled or at least changed by dicta.

The *Thrawley* case was reviewed and approved by this court in 1958, where, in *Lander* v. *State* (1958), 238 Ind. 680, 687, 154 N. E. 2d 507, 511, it was said:

> "The defendant has no right to inspect the record of the evidence taken before the grand jury."

The *Thrawley* case was cited as authority.

We reaffirm the reasoning of the *Thrawley* case as being sound and not prejudicial to a defendant. Appellants have not been harmed by the trial court's refusal to sustain their motion to submit a copy of the minutes of the Grand Jury to the court for its examination. They had the statutory right of calling a member of the Grand Jury to testify which they failed to do. They could have protected themselves from any alleged arbitrary accusation thereby.

Judgment affirmed.

Achor, C. J., and Arterburn and Landis, JJ., concur. Jackson, J., concurs in result.

NOTE.—Reported in 201 N. E. 2d 271.