PHYLLIS WILLIAMS *v.* STATE OF INDIANA.

[No. 472A190. Filed November 2, 1972.]

*Frederick F. McClellan,* of Muncie, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert E. Colker,* Assistant Attorney General, for appellee.

LOWDERMILK, J.—Defendant-appellant was charged by affidavit with the crime of second degree burglary to which she pleaded "not guilty," was tried and convicted by a jury of the crime of second degree burglary and, after a pre-sentence investigation, was sentenced pursuant to the statute.

This appeal is based on two specifications only, (1) the finding of the jury is contrary to law in that the State of Indiana did not introduce any evidence, direct or indirect, to show the presence of the defendant at the scene of the alleged burglary, and (2) that a witness for the State of Indiana, one Rose McDonald, was in a state of intoxication when she testified in said cause, thereby curtailing defendant's right to cross examine.

Howard McDonald testified that he owned a general store in Greensboro, Indiana, together with the sale of gasoline there which was his business on May 25, 1970, and that the general store was attached to his dwelling house in Greensboro, Indiana.

He further testified that about 4:30 A.M. on May 25, 1970, he entered the general store and heard glass breaking in the front thereof. He discovered that the store had been broken into, the trash boxes had been dumped and filled, along with shopping carts, with merchandise.

He saw the intruder in the store but could not then or later identify that person. In about twenty minutes, after first seeing the intruder, he found a coat containing a set of keys lying upon a car he had parked near the store, and also observed a stepladder and broken window in the store at that time.

He later went with the Henry County Sheriff's Deputies to a Chevrolet car located some one and one-half blocks from the store, which car's ignition could be started by one of the keys found in the pocket of the coat.

One Deputy Sheriff testified he first saw the car in question about a half hour after the time of the burglary and the other Deputy Sheriff testified it was about 6:30 A.M., or two hours after the burglary. This was Deputy Piercy, and he further testified that he started the Chevrolet car with one of the car keys out of the coat found near the store. Deputy Piercy asserted he was able to identify the coat as similar to one owned by the defendant, which he had seen her wear approximately two months prior to the break-in.

A state's witness testified she first observed the defendant at approximately 7:30 A.M. about one block from the scene of the alleged burglary on the date of the burglary. A second witness testified that she also saw the defendant at about 7:30 A.M. that date.

Defendant acknowledged the coat, the keys and the car which was about one and one-half blocks from the store to be hers, but a witness, Clyde Denny, testified that the keys had been taken by Rose McDonald. The defendant testified she had left the coat in question in the car and suggested it must have been taken with the car and explained her presence in

Greensboro as looking for the car. She was a resident of the city of New Castle.

There is no evidence that the defendant was at the scene of the alleged burglary before, or at the time, or shortly after it occurred. She was not seen in Greensboro on May 25, 1970, by anyone until about 7:30 A.M. She was not seen in her car.

Defendant, under assigned error number one, contends that the finding was contrary to law and based upon inadequate evidence from the State which failed to present any evidence, direct or indirect, to prove the presence of the defendant at the scene of the burglary or link her to any specific acts constituting the crime of the burglary in the second degree. Defendant relies on the case of *Gunn* v. *State* (1972), 258 Ind. 374, 281 N. E. 2d 484, 485.

In the *Gunn* case the officers were called to a shopping center where one of the officers went to the rear and one to the front door. The one going to the rear came upon the defendant, Gunn, sitting in his automobile parked nearby with the engine running. A pair of bolt cutters were in the vehicle. At the same time this officer saw another man running from the area of the store's loading dock but was shortly thereafter apprehended walking around the building, but winded and breathing hard. An inspection of the store disclosed it had been broken into, by breaking through a door panel. There was other evidence inside the store of entry and damage. The two defendants were caught in the night time when the store was not open for business and had tools capable of cutting into the store. They were convicted by a jury.

Our Supreme Court said:

". . . All of the foregoing factors give rise to an inference of guilt, and circumstantial evidence, standing alone, may be sufficient to support a conviction if it is of such probative value that a reasonable inference of guilt may be drawn therefrom. *Vaughn* v. *State* (1971), 255 Ind. 678, 266 N. E. 2d 219.

"When the sufficiency of the evidence is raised on appeal, this Court will consider only that evidence most favorable

to the State, together with all logical and reasonable inferences which may be drawn therefrom. [Cases cited omitted.]"

The court further said that although the evidence was circumstantial only, they could not say, as a matter of law, that the jury acted unreasonably; that they could not say that there was a complete lack of evidence from which a reasonable man could infer, beyond a reasonable doubt, that the defendants broke into and entered the premises with intent to commit a felony, and affirmed the case.

While it is true that no one actually saw and identified the defendant-appellant as being at the scene of the burglary or in the vicinity of the general store at Greensboro shortly before or after the alleged burglary, there is evidence which links the defendant-appellant with the scene of the alleged burglary, such as: (1) a coat found outside the store which Deputy Piercy remembered as having been worn by the defendant-appellant in March of 1970; (2) keys in the coat fit Phyllis Williams' car in particular, which was found one and one-half blocks from McDonald's store; (3) she was within a block or so of the store about 7 o'clock in a town where she did not reside and apparently looking for her automobile; (4) when apprehended, defendant-appellant had a scratch and dried blood on a white T-shirt she was wearing, as a probable consequence of crawling through a broken window to perpetrate the crime; (5) defendant-appellant admitted the coat containing the keys was hers and that the keys belonged to her Chevrolet automobile, which was found within one and a half blocks of the burglarized premises; (6) Rose McDonald testified on direct examination that within two weeks prior to the trial she had a conversation with the defendant-appellant, who told her that if she would say that she and Jerry Pence robbed the store the appellant would get Charlie Heck out of jail, and (7) on cross examination Rose McDonald was asked if she ever used defendant-appellant's Chevrolet automobile which

she denied but did admit that she had driven defendant-appellant's Buick automobile.

The evidence of the owner was that the ladder had been placed up next to the window and that the window had been knocked out, leaving jagged glass, and was of sufficient size that the defendant-appellant could have crawled through it. Mr. McDonald, when he entered the store, had seen some person running through the store and heard the sound of two large cans of food being thrown through the front door and breaking it out.

The second error charged was that Rose McDonald, a witness for the State, was erroneously permitted to testify because she was intoxicated and such state of intoxication worked to the denial of defendant's opportunity to cross examine her in a proper manner. It was further contended such denial was a violation of defendant's right under Article 1, Section 13 of the Constitution of the State of Indiana, as well as of defendant's rights under the Sixth and Fourteenth Amendments to the United States Constitution such as to deprive defendant of a fair trial.

Rose McDonald did not answer her subpoena to testify at 11:00 A.M. on the day of trial; she testified that afternoon, after being apprehended by the Sheriff, and said she had not responded to the subpoena "Because I was too drunk to come up here."

Rose McDonald did have a drinking problem and the defendant testified that the morning of the trial she had seen Rose McDonald and she was "Falling down drunk, crying."

Article 1, Section 13 of the Indiana Constitution, Rights of Accused—provides in all criminal prosecutions, among other things, the accused shall have the right to meet the witness face to face. There is no question but that the accused met the witness, Rose McDonald, face to face, when she was on the witness stand; the record discloses, at pages 228-234 of the transcript, the cross-examination of Rose McDonald by the

defendant-appellant's counsel. The record further discloses that no objection was made by defendant-appellant to the permitting of Rose McDonald to testify because she was drunk and neither does the record disclose any motion for a continuance of the cause until Rose McDonald could be sobered up and then testify. In fact, a reading of the record will not indicate that at the time Rose McDonald testified she was drunk and did not know of that about which she spoke at the time.

It is our opinion that defendant-appellant's failure to object to Rose McDonald's testifying because she was allegedly drunk would be a waiver of any objection thereto which could not later be raised. There being no objection made, it is our opinion that there was no violation of defendant-appellant's constitutional rights by Rose Mc-Donald's testifying.

Defendant-appellant further contends that the right to cross-examine is a Sixth Amendment right, applicable to the State by the Fourteenth Amendment, and cites the case of *Pointer* v. *Texas* (1965), 380 U.S. 400, 401, 406, 85 S. Ct. 1065, 13 L. Ed. 2d 923, 924, 928. In *Pointer*, the petitioner had been taken before a state judge for preliminary hearing on a robbery charge. The complaining witness testified but the petitioner had no counsel and did not cross-examine. Petitioner was later indicted and tried. In the meantime, the witness had moved to another state and the State at the trial offered the transcript of the witness's testimony given at the preliminary hearing as evidence against the petitioner. Over petitioner's objection that it was a denial of confrontation of the witness, the transcript was used. Petitioner was convicted and the highest state court affirmed. The United States Supreme Court held that the right granted to an accused by the Sixth Amendment to confront the witnesses against him, which includes the right of cross-examination, is a fundamental right essential to a fair trial and is made obligatory on the States by the Fourteenth Amendment. It was further held that the introduc-

tion of the transcript in a federal criminal case would have been a clear denial of the right of confrontation since the statement was made without an adequate opportunity for cross-examination, and the right must be determined by the same standards in a state proceeding. The state court's judgment was reversed and the cause remanded.

We cannot find in the case at bar where defendant's constitutional rights have been abrogated.

Defendant-appellant further insists that it was only circumstantial evidence which linked her with the scene of the burglary and relies on the case of *Sharp, et al.* v. *State of Indiana* (1970), 254 Ind. 435, 260 N. E. 2d 593. In the *Sharp* case, at page 597, our Supreme Court quoted *Easton* v. *State* (1967), 248 Ind. 338, 228 N. E. 2d 6, which said:

> " 'Where the evidence of an issuable fact is wholly circumstantial in nature the evidence must be so conclusive and compelling in character that it excludes every reasonable hypothesis of the presumption of innocence of the defendant. *White* v. *State* (1948), 226 Ind. 309, 79 N. E. 2d 771. While the above rule has been held to be for the guidance of the trial court and on appeal it is not the province or right of this Court to weigh the evidence, however, it is the duty of this Court to examine the record of the evidence to determine whether there was sufficient evidence substantial in character to support the court's finding on each of the issuable facts or elements of the crime charged beyond a reasonable doubt. *White* v. *State, supra; Baker* v. *State, supra*, [236 Ind. 55, 138 N. E. 2d 641].'
>
> "Therefore, since the evidence in the case at bar is wholly circumstantial, it is our duty to determine whether the evidence is sufficient to exclude every reasonable hypothesis of the assumption of innocence of the appellants or whether it merely tends to establish a mere suspicion of guilt without more."

Under the guidance of *Sharp* v. *State, supra,* this court, without weighing the evidence, determines that the evidence being burglary of a business building; a ladder leaning against the outside of the building next to a window broken out with jagged pieces of glass remaining therein, which window a

person the size of the defendant could have crawled through; merchandise in the store moved and placed in baskets and boxes for removal; a person in the store throwing two cans of goods through the front door and getting away before that person could be identified; a coat found outside the store with the defendant's automobile keys in the pockets, which coat was identified as being that or similar to that of the defendant; the car keys fitting defendant's automobile parked one and one-half blocks from the store in the night time and the defendant, when apprehended, having a scratch or cut on the arm and blood on her white T-shirt, apparently looking for her automobile some two hours after the burglary in a town of which she was not a resident, the court now determines there was sufficient evidence substantial in nature to support the finding on each of the issuable facts or elements of the crime charged beyond a reasonable doubt. *Gunn* v. *State, supra.*

Further, under the rule laid down in *Sharp* v. *State, supra,* where the evidence is wholly circumstantial in nature, we have determined the evidence sufficient to exclude every reasonable hypothesis of the presumption of innocence of the appellant and that the evidence does not tend to establish a mere suspicion of guilt without more. We are of the opinion that the defendant-appellant did not merely have the opportunity to commit a crime but did commit the crime as charged.

Judgment affirmed.

Robertson, P.J. and Lybrook, J. concur.

NOTE.—Reported in 288 N. E. 2d 580.