ROBERT DEAN DEVANEY *v.* STATE OF INDIANA.

[No. 671S192. Filed November 10, 1972.]

*Melvin A. Richards, Jr., Castor, Richards & Adams,* of Noblesville, for appellant.

*Theodore L. Sendak,* Attorney General, *Paul H. Frazier,* Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal by Robert Dean DeVaney, appellant (defendant below), from a conviction for reckless homicide and causing the death of another while driving under the influence of intoxicating liquor. Appellant was charged by indictment and trial was to a jury which found appellant guilty on both counts. He was sentenced to not less than one (1) year nor more than five (5) years on the conviction of reckless homicide, and was sentenced to not less than one (1) year nor more than two (2) years and fined two hundred

and fifty dollars ($250.00) on the conviction for causing the death of another while driving under the influence of intoxicating liquor. Appellant's Motion to Correct Errors was overruled and this appeal followed.

On January 29, 1969, appellant was driving north in his automobile on Indiana 37A north of Noblesville. On a curve, he had a collision with decedent's automobile which was headed south, causing decedent's death. It was alleged that appellant was intoxicated at the time and that he crossed the center line and struck decedent's car near the outside edge of the southbound lane.

Appellant has alleged eight main contentions of error:

(1) The trial court erred in not permitting the reporter of the grand jury to testify at the hearing on the Motion to Quash.

(2) The trial court erred in failing to suppress evidence concerning a blood sample taken from appellant.

(3) The trial court erred in admitting testimony of certain conversations between the police and appellant.

(4) The trial court erred in granting the State a continuance.

(5) The trial court erred in permitting certain testimony of the State's expert witness.

(6) The trial court erred in excluding certain testimony by appellant's expert witness.

(7) The trial court erred in failing to grant appellant's Motion for Directed Verdict.

(8) The trial court erred in overruling appellant's objection to the form of the verdict.

The basis of appellant's first contention is the allegation that he had reason to believe that less than five members of the grand jury were present when the indictment was returned, thus invalidating the indictment. He wished to have the opportunity to question the reporter for the grand jury

on this point at the hearing on the Motion to Quash. Appellant cites IC 1971, 35-1-16-1 (Ind. Ann. Stat. § 9-901 [1956 Repl.]) for the proposition that at least five grand jurors must be present when the indictment is returned. The statute reads in part:

"At least five (5) of the grand jurors must concur in the finding of an indictment . . ."

There is nothing in this statute to indicate that five grand jurors need be present when the indictment is returned, only that at least five concur. Appellant does not contend that less than five members concurred in the finding of the indictment.

Even if five were required to be present when the indictment was returned, the appellant was able to question the prosecutor who presented the case to the grand jury and he testified that at least five members were present. Appellant has presented no valid reason for doubting the prosecutor, and this alone seems sufficient to close the issue.

The basic policy of this State is to keep the proceedings of the grand jury secret; see, IC 1971, 35-1-15-16 through 35-1-15-18 (Ind. Ann. Stat. §§ 9-816 through 9-818 [1956 Repl.]) ; *Dinning* v. *State* (1971), 256 Ind. 399, 269 N. E. 2d 371. However, this does not preclude the defendant from calling a grand juror as a witness, see *Dinning* v. *State, supra; Mahoney* v. *State* (1964), 245 Ind. 581, 201 N. E. 2d 271. It is also true that a grand jury indictment returned in open court and duly endorsed by the foreman is evidence that a sufficient number of jurors concurred in the finding. *State* v. *Comer* (1902), 157 Ind. 611, 62 N. E. 452; *Stewart* v. *State* (1865), 24 Ind. 142; *Creek* v. *State* (1865), 24 Ind. 151. Although, a defendant would not be precluded from calling a grand juror as a witness on this issue if he could show the need, it was not error to deny appellant that right in this case since a sufficient showing of need was not made.

Appellant's second contention is that the trial court erred in failing to suppress evidence concerning a blood sample taken from the appellant. Appellant claims the taking violated his constitutional rights. He relies on Article I, Section 11 of the Indiana Constitution, and the Fourth and Fourteenth Amendments of the Constitution of the United States The pertinent portion of Art. I, § 11 reads:

> "The right of the people to be secure in their *persons,* houses, papers, and effects, against unreasonable search, or sezure, shall not be violated . . ." (our emphasis)

It is clear that the taking of a blood sample is an intrusion meant to be limited by these constitutional protections. See, *Schmerber* v. *California* (1966), 384 U.S. 757. *Schmerber* concerned the validity of a blood test administered by the police after the defendant had been involved in an auto accident. At the scene of the accident the police noted that the defendant had liquor on his breath and that his eyes were bloodshot. They noticed these same characteristics when they saw appellant in the hospital two hours later. The Supreme Court held that probable cause was present for the test, and, due to the fact that the evidence might soon disappear, exigent circumstances were present making the acquisition of a search warrant unnecessary.

*Schmerber* is practically on all fours with the case at bar. In appellant's case, he was involved in an auto accident and the police noticed liquor on his breath both at the scene of the accident and at the hospital. Probable cause was clearly present. If the police were required to obtain a search warrant, the alcohol in the blood stream might dissipate. It seems essential that in order to obtain accurate results from the test, the blood sample be taken as close to the time of the accident as possible. Thus, exigent circumstances were also present since the evidence might soon disappear during the time necessary to obtain the warrant. Appellant has unsuccessfully attempted to distinguish this case from *Schmerber*.

Appellant notes that the defendant in *Schmerber* had been arrested and given his *Miranda* warnings. However, we are not here concerned with the Fifth Amendment right against self-incrimination nor with the Sixth Amendment right to counsel. *Schmerber* specifically noted that the taking of a blood sample did not violate a defendant's right against self-incrimination. There is no requirement that a defendant must voluntarily waive any rights in order to validate a warrantless search based on probable cause where exigent circumstances are present. No error was committed in refusing to suppress the evidence concerning the taking of the blood sample and the results of the subsequent test.

Appellant's next claim is that the trial court erred in admitting the conversation between appellant and a police officer in violation of his Fifth Amendment rights established in *Miranda* v. *Arizona* (1966), 384 U.S. 436. Appellant was read his rights and refused to waive them. All conversations between appellant and the police were excluded except one. The testimony in that instance was by Officer Crose of the Indiana State Police and went:

> "I asked him if he had been involved in an accident and he said, 'Yes.' I asked him if I could take a blood sample and he said, 'yes,' I asked him where he was going and he said he was going to Tipton. That's about the basis of the conversation."

The portion of the conversation concerning the appellant's permission to take the blood sample was admissible for it was pertinent to the search and seizure, was not interrogation, and involved no incriminating statement. The other two questions should properly have been excluded. However, this testimony was unimportant and in no way could it have had any effect on the outcome of the trial. The evidence showed, and appellant conceded, that he was involved in the accident; and where he was going was immaterial. There can be no doubt that admitting this testimony was, in this instance, harmless error. See, *Schneble* v. *Florida* (1972), 405 U.S. 427,

92 S. Ct. 1056, 31 L. Ed. 2d 340; *Harrington* v. *California* (1969), 395 U.S. 250, 89 S. Ct. 1726, 23 L. Ed. 284; *Chapman* v. *California* (1967), 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 705.

Appellant next contends that it was error to grant the State a continuance. On October 21, 1970, the cause was set to be tried on November 30, 1970. On November 27, 1970, the State moved for a continuance due to the absence of an important witness. However, the motion was not accompanied by an affidavit as required by TR. 53.4 (which was at that time TR. 53.3). Appellant objected to the continuance. The trial court granted the continuance on the condition that the State supply him with a proper affidavit and reset the trial date for December 14, 1970. The affidavit was supplied as requested. At the time the continuance was granted appellant was unable to indicate in what way this continuance would prejudice him, and on appeal this inability has continued. There was substantial compliance with the trial rule and no error arose from granting the continuance.

Appellant next asserts that it was error to permit certain testimony of the Stae's expert witness on accident reconstruction. The portion objected to was the expression of his opinion that the point of impact was near the outside edge of the decedent's lane of traffic, thus indicating that the appellant crossed the center line. Appellant claims this was the ultimate fact in issue and that permitting opinion testimony on this matter invades the province of the jury. The case law in Indiana indicates that opinions as to the ultimate fact in issue are to be excluded. See, *Stroud* v. *State* (1971), 257 Ind. 204, 273 N. E. 2d 842; *Ellis* v. *State* (1969), 252 Ind. 472, 250 N. E. 2d 364; *Baker* v. *State* (1964), 245 Ind. 129, 195 N. E. 2d 91.

The first question one must ask is, what is an "ultimate fact in issue"? This is certainly not clear. There are many definitions found in Black's Law Dictionary, for instance, but they are of little aid. The objective is probably the desire for concrete details upon the crucial matters in the trial. Although

this goal is meritorious, its consistent application through excluding opinions on "ultimate facts" approaches impossibility. This has resulted in the abolition of the rule in a majority of the jurisdictions. See *McCormick on Evidence* at 27 (2d ed. 1972).

> "This change in judicial opinion has resulted from the fact that the rule excluding opinion on ultimate facts in issue is unduly restrictive, pregnant with close questions of application and the possibility of misapplication, and often unfairly obstructive to the presentation of a party's case, to say nothing concerning the illogic of the idea that these opinions usurp the function of the jury." *McCormick, supra* at 27-28.

The argument that such an opinion usurps the function of the jury is simply not valid. When the opinion is given, the witness has no such intent and could not accomplish this feat even if he wanted to for the simple reason that the jury is free to reject the opinion and accept some other view.

We therefore hold that an opinion by an expert witness upon an ultimate fact in issue is not excludable for that reason. To the extent that prior cases, including *Stroud, supra, Ellis, supra,* and *Baker, supra,* are in conflict with this holding they are hereby overruled. Assuming the matter upon which the expert in the case at bar testified was an ultimate fact in issue, it was not error to permit it in light of our holding.

Appellant's next contention is that the trial court erred in excluding certain testimony of the appellant's expert witness on accident reconstruction. Appellant claims that after his expert gave his opinion as to the point of impact of the collision he was not permitted to fully explain his reasons therefor. His opinion was that he had no opinion. He was then asked his reasons why and, after an obligation by the state, was only allowed to give a limited answer. We hold the above described limitation on the testimony of appellant's expert witness was error. However, in this instance it was

harmless error. At other points during the examination of this witness, the witness was permitted to explain the factors which he considered to be of importance and the limitations of the evidence which led to his inability to form an opinon as to the point on the road where the cars collided. Little extra could have been added by a lengthy exposition on the part of the witness and its impact upon the jury would at best have been very slight.

Under the circumstances present in this case, we do not feel the error contributed to the verdict of the jury, and it was not prejudicial to appellant's cause. For these reasons, we hold the case is not reversible based on the error of the trial judge in limiting too stringently the testimony of appellant's expert witness on accident reconstruction.

Appellant's next contention is that the trial court erred in denying his motion for a directed verdict. For the reasons hereafter stated we agree that the conviction for reckless homicide was based on insufficient evidence but hold the evidence was sufficient to sustain a conviction for causing the death of another while driving under the influence of intoxicating liquors, and that the evidence of the State was sufficient to survive a motion for a directed verdict on this charge.

When reviewing an appeal on sufficiency of the evidence, this Court will not weigh the evidence nor determine the credibility of the witnesses. Only that evidence most favorable to the state and the reasonable inferences to be drawn therefrom will be considered. As long as there is substantial evidence of probative value sufficient to establish every material element of the crime beyond a reasonable doubt, the verdict will not disturbed. *Jackson* v. *State* (1971), 257 Ind. 589, 275 N. E. 2d 538.

Paragraph (b) (1) of IC 1971, 9-4-1-54 (Ind. Ann. Stat. § 47-2001 [1972 Supp.]) states in part:

"Any person who while under the influence of intoxicating liquor or unlawfully under the influence of narcotic or other

habit-forming or dangerous, depressant or stimulant drugs drives a vehicle and when so driving causes the death of another person, is guilty of a felony . . ."

Thus, it can be seen that the State must prove that appellant caused the decedent's death and that he was driving under the influence of intoxicating liquor or a specified drug ■ at the time the accident occurred. The blood test taken a short time after the accident occurred gave a result of .26 which is a strong indication of intoxication. A number of persons at the scene of the accident stated that they could smell liquor on appellant's breath and that appellant's car smelled of alcohol, he being the lone occupant thereof. The evidence was clearly sufficient to prove appellant was under the influence of intoxicating liquors at the time of the accident.

The next question is whether appellant caused the accident. If appellant did indeed cross the center line into the oncoming lane of traffic and no unforeseen mechanical failure or act of God could be shown, then it could be said that appellant caused the accident. Both cars ended up off the pavement in a ditch and their final location was of no aid to the jury. However, pictures admitted as exhibits showed a significantly greater amount of debris in decedent's lane than in appellant's lane. In addition, the State's expert witness on accident reconstruction testified that it was his opinion the accident occurred near the outside edge of decedent's lane. This was more than sufficient evidence to overcome the motion for a directed verdict. Appellant had an expert witness testify that it was impossible to discern the point on the road where the collision occurred. The jury was free to disbelieve this testimony and believe the State's expert witness. As stated above, this Court does not determine the credibility of witnesses. It is also significant that appellant's expert was *not* of the opinion that the accident did not occur in the location stated by the State's expert, but only that the evidence was insufficient for an opinion to be formulated. Considering the evidence most favorable to the State, we hold the evidence

was sufficient to sustain the conviction for causing the death of another while driving under the influence of intoxicating liquors.

The other charge upon which appellant was convicted was reckless homicide. The definition of reckless homicide is found in paragraph (a) of IC 1971, 9-4-1-54, *supra,* wherein it states:

> "Any person who drives a vehicle with reckless disregard for the safety of others and thereby causes the death of another person shall be guilty of the offense of reckless homicide."

Can the mere fact that it was shown that appellant crossed the center line while driving be considered driving "with reckless disregard for the safety of others"? We think not. Such an occurrence could be completely accidental. See *Cichos* v. *State* (1962), 243 Ind. 187, 184 N. E. 2d 1; *Shorter* v. *State* (1954), 234 Ind. 1, 122 N. E. 2d 847; *Beeman* v. *State* (1953), 232 Ind. 683, 115 N. E. 2d 919.

Can the mere fact that defendant was driving in close proximity to the time he had been drinking be sufficient to find "reckless disregard for the safety of others"? We think not. Although the evidence of intoxication could certainly be considered by the jury, see *Patton* v. *State* (1962), 242 Ind. 477, 179 N. E. 2d 867, that alone is not sufficient to convict for reckless homicide. See, *Shorter* v. *State, supra.*

Are the facts that appellant crossed the center line and that he was intoxicated, together, sufficient to constitute reckless homicide? Although, a closer question, again we think not. See, *Shorter* v. *State, supra.* If that alone were sufficient to constitute reckless homicide then the parallel crime of causing the death of another while driving under the influence of intoxicating liquors *contained in the same statute* would be superfluous and unnecessary. It seems clear that the legislature intended to provide for two distinct crimes and that reckless homicide required something

more than causing the death of another while driving under the influence. Since the proof in the case at bar showed no more than that appellant caused the accident while driving under the influence of intoxicating liqor, the conviction for reckless homicide must be reversed.

Appellant's final contention is that the form of the jury's verdict was improper in that it charged a nonexistent crime. The verdict which the jury returned to Count 2 was "We, the Jury, find the defendant, Robert Dean DeVaney, guilty of homicide while under the influence of intoxicating liquor as charged in the second count of the indictment . . ." The actual crime is causing the death of another while driving under the influence of intoxicating liquor (or drugs). As a general rule, a verdict, however informal, is good if the court can understand it and will not be considered defective unless it is so uncertain that no judgment can be rendered thereon. See, *Johnson* v. *State* (1969), 252 Ind. 70, 247 N. E. 2d 212 (opinion on rehearing) ; *Carlin* v. *State* (1933), 204 Ind. 644, 184 N. E. 543; *Goodman* v. *State* (1919), 188 Ind. 70, 121 N. E. 826. "Homicide" is defined in Black's Law Dictionary as "the killing of any human creature." This definition closely approximates "causing the death of another." The verdict also, referred to the count of the indictment in which the crime was properly charged. No ambiguity whatsoever arose from the form of the verdict, and it was sufficient to maintain a conviction.

For the reasons stated above, the conviction for causing the death of another while driving under the influence of intoxicating liquor is affirmed while the conviction for reckless homicide is reversed.

Judgment affirmed in part and reversed in part.

Arterburn, C.J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 288 N. E. 2d 732.