Robertson, P.J. and Lowdermilk, J., concur.

JOHN F. ROBERTSON *v.* STATE OF INDIANA.

[No. 3-1072A71. Filed January 24, 1973.]

*Robert Randle, Hopkins & Randle,* of Rensselaer, for appellant.

*Theodore L. Sendak,* Attorney General, *Harry L. Sauce, III,* Deputy Attorney General, for appellee.

SHARP, J.—The Appellant was charged by way of affidavit of the offense of driving and operating an automobile while under the influence of intoxicating liquor on the 20th day of September, 1970. The case was tried before the court without the intervention of a jury wherein the defendant was found guilty and sentenced to the Indiana State Farm for a period of 30 days together with a fine in the sum of $100.00.

The evidence most favorable to the State discloses that two Indiana State Police Officers were riding in their patrol car on Interstate Highway 65 in the early morning hours of September 20, 1970 when that patrol car was struck from the rear by a car driven by the Appellant. The force of the impact caused the police car to roll over on its right side and slide off the roadway. One of the officers was knocked unconscious

but was revived and not seriously injured. The other officer crawled out of the car and noticed another car about 100 feet away and went to check the occupant. Upon arriving at the other vehicle he noticed the Appellant in the vehicle and detected a strong odor of alcohol. The Appellant was injured and was administered first aid by the investigating officer to prevent shock and to stop the bleeding. The Appellant was hollering, waving his arms and threshing about inside the car. There was one can of beer unopened attached to a plastic binding used in six packs lying on the floor of the Appellant's car. The Appellant was talking wildly and was disoriented. The investigating Indiana State Police Officer determined that the Appellant was intoxicated and at the trial so testified. The other Indiana State Police Officer testified that the Appellant's speech was slurred but he was loud and boisterous, that he had a thick tongue, that there was a strong odor of alcohol on his breath. Based upon these facts and his several years experience as a Police Officer he testified that he believed the Appellant was intoxicated at that particular time and place. Another Indiana State Police Officer conducted a breathalizer test on the Appellant approximately two and one-half hours after the accident at a nearby hospital. That particular officer was skilled and educated in the operation of a breathalizer machine. That test showed the Appellant had .12 per cent level on a scale in which .10 per cent is considered intoxicated. At the time of the breathalizer test there was still a strong odor of alcohol on the Appellant's person and breath. Based upon these observations, and based upon the experience of the officer administering the test and the test results that officer concluded and testified that the Appellant was intoxicated. The evidence also discloses that the Appellant was in the continuous custody of the Indiana State Police between the time of the collision here in question and the administration of the breathalizer test some two and one-half hours later. During that period of two and

one-half hours the Appellant had no opportunity to consume any alcoholic beverages.

The Appellant argues two issues that are closely interrelated and will be dealt with together here. He argues that the conviction is not supported by sufficient evidence and that it was error to permit a doctor to render an expert opinion in response to a hypothetical question which was based upon facts previously placed in evidence.

In regard to the contention of the Appellant that the conviction is not sustained by sufficient evidence he sets out several instances in which the Police Officers gave somewhat conflicting testimony. However, the Appellant has failed to cite one instance in which there was conflict as to the essential probative facts necessary to sustain a conviction of driving while under the influence of intoxicating liquor. There is substantial evidence of probative value on each element of the offense sufficient for the trier of fact to draw an inference that the Appellant was guilty of being in an intoxicated condition while operating a motor vehicle. It is an elementary principle which has been constantly and recently repeated that when the sufficiency of evidence is an issue on appeal the appellate tribunal will not weigh the evidence nor determine the credibility of witnesses. Instead this court will look only to the evidence which is most favorable to the State and all reasonable inferences to be drawn therefrom to determine if there is sufficient evidence of probative value so that the trier of fact might reasonably infer guilt beyond a reasonable doubt. When there is such evidence a conviction resting thereon will be affirmed. See *Williams* v. *State* (1972), 153 Ind. App. 597, 288 N.E.2d 580, *Capps* v. *State* (1972), 258 Ind. 565, 282 N.E.2d 833, and *Asher* v. *State* (1969), 253 Ind. 25, 244 N.E.2d 89. There is such evidence to support the conviction in this case.

The State called Dr. Ahler as its witness and the following questions, answers and rulings occurred:

"Q. Okay lost my place here, just a minute, Dr. Ahler, assuming, assume the following facts, if you would, a man is involved in an automobile accident, type of the accident is a rear-end collision, the man is driving the vehicle that is coming from the rear—uh—the front vehicle is going between 20 and 40 miles per hour, the vehicle the man is driving is going between 70 and 80 miles per hour, he's driving the vehicle with his headlights out, usually upon, immediately upon—uh—going to him after the accident and in the hour, in the roughly 2½ hours following the following characteristics are noted about his behavior—

A. Now this is the man that is driving the—

Q. — the rear vehicle

A. — the rear vehicle

Q. Yes. The, he has the odor of alcoholic beverages about his breath and person, his, his speech is slurred, he's thick-tongued, hard to understand, he lacks control of his limbs, he's disorganized as to where he is and why, he's loud and boisterous and verbose, he displays, to some extent, a sense of power in the sense that he knows what he can do and what can't do—uh—he is, he, he does not follow instructions—uh—he has some lacerations about the face, based on these facts, doctor, and based on your expertise, do you have an opinion as to whether such a man would be under the influence of intoxicating beverage or liquor.

MR. RANDLE: Your honor, I think I'm going to object at this point.

COURT: What for?

MR. RANDLE: Well, this is the doctor that treated this gentleman.

COURT: Oh, this is hypothetical, this hasn't anything to do with this gentleman.

A. Based on what you say—uh—it certainly sounds as though such a person would be under the influence of some intoxicating drug of some sort. This is not normal behavior."

The State was permitted to ask a hypothetical question to the doctor so long as the question conformed to the State's

theory and was supported by evidence already adduced by reasonable inferences to be drawn therefrom. See *Ray* v. *State* (1954), 233 Ind. 495, 120 N.E. 2d 176 and *Sharp* v. *State* (1939), 215 Ind. 205, 19 N.E.2d 942. Clearly there is nothing in the above question which assumes a circumstance or a behavioral characteristic not capable of being reasonably inferred from or supported by the evidence previously adduced.

The last word on the question of expert testimony in a criminal case appears in *DeVaney* v. *State* (1972), 259 Ind. 483, 288 N.E.2d 732, 736, in which a conviction for driving under the influence of intoxicating liquor was affirmed. Justice Hunter speaking for a unanimous Supreme Court state:

"Appellant next asserts that it was error to permit certain testimony of the State's expert witness on accident reconstruction. The portion objected to was the expression of his opinion that the point of impact was near the outside edge of the decedent's lane of traffic, thus indicating that the appellant crossed the center line. Appellant claims this was the ultimate fact in issue and that permitting opinion testimony on this matter invades the province of the jury. The case law in Indiana indicates that opinions as to the ultimate fact in issue are to be excluded. See, *Stroud* v. *State* (1971), 257 Ind. 204, 273 N.E.2d 842; *Ellis* v. *State* (1969), 252 Ind. 472, 250 N.E.2d 364; *Baker* v. *State* (1964), 245 Ind. 129, 195 N.E.2d 91.

The first question one must ask is, what is an 'ultimate fact in issue'? This is certainly not clear. There are many definitions found in Black's Law Dictionary, for instance, but they are of little aid. The objective is probably the desire for concrete details upon the crucial matters in the trial. Although this goal is meritorious, its consistent application through excluding opinions on 'ultimate fact' approaches impossibility. This has resulted in the abolition of the rule in a majority of the jurisdictions. See McCormick on Evidence at 27 (2d ed. 1972).

'This change in judicial opinion has resulted from the fact that the rule excluding opinion on ultimate facts in

> issue is unduly restrictive, pregnant with close questions of application and the possibility of misapplication, and often unfairly obstructive to the presentation of a party's case, to say nothing concerning the illogic of the idea that these opinions usurp the function of the jury.' McCormick, *supra* at 27-28.

> The argument that such an opinion usurps the function of the jury is simply not valid. When the opinion is given, the witness has no such intent and could not accomplish this feat even if he wanted to for the simple reason that the jury is free to reject the opinion and accept some other view.

> We therefore hold that an opinion by an expert witness upon an ultimate fact in issue is not excludable for that reason. To the extent that prior cases, including *Stroud, supra, Ellis, supra,* and *Baker, supra,* are in conflict with this holding they are hereby overruled. Assuming the matter upon which the expert in the case at bar testified was an ultimate fact in issue, it was not error to permit it in light of our holding."

The testimony here was well within the above quoted *De-Vaney* guidelines and does not constitute reversible error.

The Appellant also contends that this particular hypothetical question produced an answer which violated the doctor-patient privilege under IC 1971, 34-1-14-5, Ind. Ann. Stat. § 2-1714 (Burns 1968). That statute renders a doctor incompetent to testify to matters communicated to him while in the course of his professional service or advice given by him. Although not relevant here the privilege has been somewhat eroded in the field of personal injury litigation. See *Collins* v. *Bair* (1971), 256 Ind. 233, 268 N.E.2d 95.

In *Hauch* v. *Fritch* (1934), 99 Ind. App. 65, 189 N.E. 639 at 641 the Appellate Court stated:

> "The doctor was asked a hypothetical question, containing the facts established by the evidence, to which appellant objected for the reason that he was the personal physician of the decedent and not competent to testify as to any matter or things which he observed, . . . or to take any of the observations into account in the answer of that question."

\* \* \*

"Merely because this expert happened to be the personal physician of the decedent would not make him incompetent to answer a hypothetical question detailing the facts that were proven. It is not shown that he took into account in his answer any other facts than those set out in the hypothetical question and as he did not, this evidence would be as competent as that of any other expert."

The *Hauch* case cited by the Appellant substantiates the State's contention that the hypothetical question was not violative of a privilege cummunication. In addition, the Appellant failed to show how he was harmed by the doctor's answer because the evidence of intoxication at that point in the trial was merely cumulative and previous testimony by other witnesses had shown that the Appellant was in an intoxicated condition.

We find that neither of the contentions of the Appellant constitute reversible error and that the conviction in this case should be and hereby is affirmed.

Judgment affirmed.

Hoffman, C.J. and Staton, J., concur.