Ivery Lee WILLIAMS, Appellant,

v.

STATE of Indiana, Appellee.

No. 781S192.

Supreme Court of Indiana.

July 22, 1981.

Douglas W. Meyer, Plainfield, for appellant.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This criminal case is before us on a petition to transfer from the Court of Appeals, First District. The opinion of that court is reported at 415 N.E.2d 118. We grant the petition for transfer and vacate the opinion below.

Appellant Williams was convicted in a trial to the court of criminal recklessness, a class D felony, Ind.Code § 35–42–2–2(b); and failure to stop after causing injury, a class A misdemeanor, Ind.Code § 9–2–1–40(b).

The appeal raises the following issues: (1) whether the trial court erred in: a) finding that Williams was knowingly advised of his constitutional rights before he made an incriminating statement; b) finding that he knowingly waived his constitutional right against self-incrimination; and c) admitting the incriminating statement into evidence; (2) whether there was sufficient evidence to support a finding of guilt on each charge.

On August 25, 1979, at 12:30 a. m., Williams was drunk and driving his truck on Highway 36 when the truck struck a man riding a bicycle in the right-hand lane along the outer edge of the roadway. Williams did not stop. Later that afternoon a Bainbridge Town Marshall found Williams unconscious or asleep in his truck farther west along Highway 36. The marshall roused the appellant, advised him of his *Miranda* rights and proceeded to question him about the accident. Williams then said that he had driven from Tipton through Indianapolis on Highway 36. A chemical analysis of his blood showed .37% for blood alcohol.

### I.

At trial, Williams objected to the admission of his statement on the ground that he was so drunk that he could not knowingly

have waived his *Miranda* rights. The trial court conducted a hearing on the admissibility of the statement. The evidence at this hearing was the testimony of the town marshall who found Williams on the highway and elicited the statement.

The marshall testified that he discovered Williams "passed out" in the truck, that it took him about two minutes to awaken him by shaking him by the shoulders, and that the appellant was unable to walk to the patrol car without his assistance. The trial court asked the marshall if Williams understood what was being said to him. "I believe he did," replied the marshall. He also testified that a "breathalyzer" test administered on Williams within forty-five minutes of this encounter registered .37% for blood alcohol. The trial court overruled the objection and admitted the statement.

The burden is on the State to prove beyond a reasonable doubt that the waiver and the statement were voluntary, and in reviewing the trial court's ruling in these matters we do not weigh the evidence but simply determine whether there is sufficient evidence to support the finding. See, e. g., *Rodgers v. State*, (1979) Ind., 385 N.E.2d 1136. In this case, the evidence was uncontradicted that at the time the waiver and the statement were given, Williams was quite drunk. The only evidence that in spite of his drunkenness he nevertheless understood what he was doing was the marshall's statement, "I believe he did [understand]." This evidence is insufficient to support the trial judge's finding of knowing advisement and knowing waiver. It was error requiring reversal for the trial judge to have admitted the incriminating statement.

### II.

Since we reverse and remand for a new trial because of our determination of the first issue, we next consider the appellant's challenge to the sufficiency of the evidence supporting each count. We hold that the evidence on the criminal recklessness charge is insufficient. The appellant is

therefore entitled to a discharge on this count.

In *DeVaney v. State*, (1972) 259 Ind. 483, 288 N.E.2d 732, this Court reversed a conviction for reckless homicide. The reckless homicide statute in effect at the time provided:

"(a) Any person who drives a vehicle with reckless disregard for the safety of others and thereby causes the death of another person shall be guilty of the offense of reckless homicide. . . ." Ind. Code § 9–4–1–54 (1971)

DeVaney was driving while intoxicated and crossed over the center line of the highway striking a car going in the opposite direction and killing an occupant of it. We unanimously reversed for insufficiency of evidence of recklessness. We did so in part in light of the existence within the reckless homicide statute of the separate offense of causing the death of another while driving under the influence of alcohol. We said there that while evidence of intoxication could be considered by a jury in determining whether there was "reckless disregard," it could not alone be sufficient to convict for reckless homicide. The only other evidence, that the defendant had crossed the center line of the roadway, was also held to be insufficient.

*DeVaney* is not distinguishable from this case on the statutory basis or on the factual basis. Other than evidence of Williams' drunkenness, there was no evidence of recklessness.

"A person engages in conduct 'recklessly' if he engages in the conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct." Ind.Code § 35–41–2–2(c) (Burns 1979 Repl.)

The evidence was sufficient, however, on the second charge. A mirror from Williams' truck was found at the spot where the bike rider was struck. Williams was found in the truck along the same road on which the accident occurred. This was sufficient evidence from which the trier of fact could have inferred that Williams was the driver of the truck that struck the cyclist, and that he did not stop.

Reversed and remanded.

HUNTER and PRENTICE, JJ., concur.

GIVAN, C. J., dissents with an opinion in which PIVARNIK, J., concurs.

GIVAN, Chief Justice, dissenting.

I respectfully dissent from the majority opinion.

It cites as the authority for reversing the case on the charge of criminal recklessness, the case of *DeVaney v. State*, (1972) 259 Ind. 483, 288 N.E.2d 732. It should be noted that in *DeVaney* the appellant had been convicted of both reckless homicide and causing the death of another while intoxicated. This Court only reversed the reckless homicide conviction and allowed the conviction for causing the death of another while driving while under the influence of liquor to stand.

It is obvious in the *DeVaney* case that both convictions could not be allowed to stand, as we had a dual conviction for a single offense. Further, the choice was obvious since the appellant had been specifically convicted of causing a death while under the influence of intoxicating liquor. However, in the case at bar, Williams had only been convicted of criminal recklessness.

It would appear there is ample evidence in the record to support a conviction for criminal recklessness, notwithstanding the fact that appellant was intoxicated.

As far as appellant's statement that he had been driving the truck in the vicinity of the accident, the statement itself can hardly be considered to be crucial in the case inasmuch as the appellant was found asleep behind the wheel of his truck in the vicinity, thus making it obvious to any person concerned that he had in fact been driving in the vicinity. In view of the other evidence in the case, it can hardly be considered to be crucial to his conviction.

My vote, therefore, would be to deny transfer without opinion.

PIVARNIK, J., concurs.