**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Jun 29 2012, 8:59 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TIMOTHY J. LEMON**
Knox, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODISETT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JACK HAUT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 75A05-1109-CR-512 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE STARKE CIRCUIT COURT
The Honorable Kim Hall, Judge
Cause No. 75C01-1007-FB-25

**June 29, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Jack Haut appeals his conviction of Class C felony reckless homicide.[1]  As there was sufficient evidence to support his conviction, we affirm.

**FACTS AND PROCEDURAL HISTORY**

On July 2, 2010, Jack Haut was driving a pickup truck eastbound on US Route 30, merging onto southbound US Route 35.  Kenneth Pajer, who was driving southbound on Route 35 behind a tractor-trailer, saw Haut merging onto Route 35.  On the ramp, Haut's truck veered right and hit a yield sign at the bottom of the ramp.  Haut corrected and merged onto Route 35 behind Pajer's vehicle.

Shortly thereafter, Pajer noticed Haut's truck, which was approximately 300 - 400 yards behind Pajer, was slowly drifting to the left as oncoming traffic approached.  Haut's left tires were on the center yellow line.  As more oncoming cars approached, Pajer saw Haut's vehicle cross the center yellow line three or four times, forcing some oncoming vehicles to veer off the right side of the road to avoid him.

Haut passed Pajer and the tractor-trailer traveling in front of Pajer.  When Haut pulled in front of the tractor-trailer, his right tires went off the right edge of the road.  Less than ten seconds later, Haut's truck drifted to the left, so that it was almost completely in the oncoming lane.  Haut's truck was in the oncoming lane for about three seconds when it collided with a motorcycle driven by Tom White, who died at the scene from chest and head injuries.

At trial, Haut claimed no recollection of the collision or the events leading up to it,

---

[1] Ind. Code § 35-42-1-5.

though doctors found no physical explanation for his alleged memory loss. Tests revealed Haut had oxycodone and alprazolam (Xanax) in his body at the time of the collision. A toxicologist testified both drugs impair mental and physical capability and both carry labels warning about the risk of driving while taking the medicine. A police officer testified Haut appeared intoxicated at the hospital after the crash.

The State charged Haut with Class C felony reckless homicide, and a jury found him guilty. The court entered the conviction and sentenced Haut to eight years.

## DISCUSSION AND DECISION

In reviewing sufficiency of evidence to support a conviction, we do not reweigh evidence or assess credibility of witnesses. *Davis v. State,* 813 N.E.2d 1176, 1178 (Ind. 2004). We consider the evidence most favorable to the judgment and we affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.*

A person is guilty of reckless homicide if that person "recklessly kills another human being." Ind. Code § 35-42-1-5. A person behaves recklessly if that person "engages in conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct." Ind. Code § 35-41-2-2(c). Recklessness is a factual issue for the jury to decide independent of the traffic code, *Young v. State*, 161 Ind. App. 532, 546, 316 N.E.2d 435, 443 (1974); therefore, while driving that violates Indiana's Motor Vehicle Code can be taken as evidence suggesting recklessness, it does not necessarily justify conviction of reckless homicide.

3

*Whitaker v. State*, 778 N.E.2d 423, 426 (Ind. Ct. App. 2002).

Two eyewitnesses testified Haut was driving at least 70 miles per hour, and one witness estimated his speed was 90 miles per hour. Haut repeatedly veered onto or over the center line when oncoming traffic approached. At the time of the accident, Haut's bloodstream contained two prescription medications, each of which carries a warning about the danger of driving after taking it, and a police officer testified Haut appeared intoxicated at the hospital after the accident.

The jury reasonably could have concluded from the evidence that Haut acted recklessly within the meaning of Ind. Code § 35-41-2-2 when he hit and killed White.[2] *Barber v. State*, 863 N.E.2d 1199, 1204-05 (Ind. Ct. App. 2007) (conviction for reckless homicide upheld where court found driving behavior was intentional and amounted to recklessness). We accordingly affirm.

Affirmed.

FRIEDLANDER, J., and BARNES, J., concur.

---

[2] Haut compares his case to *DeVaney v. State*, 259 Ind. 483, 493, 288 N.E.2d 732, 738 (1972), in which our Indiana Supreme Court held crossing the center line while driving cannot, by itself, be considered driving "with reckless disregard for the safety of others" even if the driver is intoxicated. *DeVaney* is distinguishable. As explained above, in the case before us there was evidence of more than an impaired driver merely crossing the center line. A witness testified Haut repeatedly crossed the center line, was speeding, swerved and hit a sign, and exhibited other driving behavior that a jury could find reckless. Haut's argument is an invitation to re-weigh the evidence, which we may not do. *Wright v. State*, 828 N.E.2d 904 (Ind. 2005).