BRUCE A. DEMMOND *v.* STATE OF INDIANA.

[No. 3-1074A167. Filed September 18, 1975.]

*John S. Diaz, Diaz & Moore,* Portage, for appellant.

*Theodore L. Sendak,* Attorney General; *Harry John Watson, III,* Deputy Attorney General, for appellee.

GARRARD, J.—Once again we are confronted with the criminal conviction of an accused for causing the death of another through the operation of a motor vehicle. The problem focuses upon the sufficiency of the evidence discussed by the Supreme Court in *DeVaney* v. *State* (1972), 259 Ind. 483, 288 N.E.2d 732.

In the present case, a head-on collision occurred on the evening of May 21, 1973, between automobiles operated by appellant, Demmond, and one Peter Perucca. The collision occurred upon an undivided four-lane highway. The evidence sustained the conclusion that the point of collision was within the inside, or passing, lane for vehicles travelling in the direction of Perucca's automobile. Perucca died before reaching the hospital. Demmond testified, but related a memory blank to events preceding and including the collision. There were no other witnesses to the collision or to Demmond's driving before it occurred. Demmond refused a blood alcohol test offered at the hospital. However, he admitted to a nurse that he had a few drinks. There was testimony that when received at the hospital, Demmond's breath smelled of alcohol and his speech was slurred. He was subsequently charged and con-

victed of involuntary manslaughter, IC 1971, 35-13-4-2, § 10-3405 Ind. Ann. Stat. (Burns 1974 Supp.).

It is conceded that the crime of involuntary manslaughter includes the element of intent regarding commission of the unlawful act which resulted in death. The violation must be intentional or, as with reckless homicide, done in reckless or wanton disregard of the consequences. *Napier* v. *State* (1971), 255 Ind. 638, 266 N.E.2d 199; *Minardo* v. *State* (1932), 204 Ind. 422, 183 N.E.2d 548. Thus, the proof of defendant's state of mind, which may, of course, be inferred from his actions, is an indispensable element in establishing the offense.

The problem is evidentiary. On the one hand, we will not reweigh the evidence on appeal. On the other, the evidence must be such that the jury could infer guilt beyond a reasonable doubt. *Whitten* v. *State* (1975), 263 Ind. 407, 333 N.E.2d 86; *DeVaney, supra.* Negligence is not enough. Neither is it sufficient for the trier of fact that the evidence makes recklessness more likely to have occurred than not occurred (i.e., a preponderance of the evidence). *See, Shorter* v. *State* (1954), 234 Ind. 1, 122 N.E.2d 847.

Our Supreme Court examined this quandary in *DeVaney.* There was evidence the defendant crossed the center line and there was evidence of intoxication. There was, as here, no other evidence establishing his driving conduct. The court there expressly held that evidence that the accused had crossed the center line, or that he was driving while intoxicated, or that both such circumstances occurred, was insufficient standing alone to establish the intent element necessary for reckless homicide.

We are, thus, required to apply that holding to Demmond's conviction of the companion offense of involuntary manslaughter. In so doing, we recall the statement of our Supreme

Court in *Shorter* v. *State, supra,* where Shorter's conviction for driving under the influence was affirmed but his conviction for reckless driving was not:

"There is no evidence that appellant drove recklessly against the car of another, or that he was heedless of probable injury to the safety, property or rights of others. Neither is there any evidence that appellant voluntarily, with knowledge of existing conditions, did an improper act or refrained from doing a proper one under circumstances where his action or failure to act evinced an entire absence of any care or a heedless indifference to the results which might follow." 122 N.E.2d 847, 850.

Such evidence is necessary to establish the criminal responsibility of an accused as opposed to potential civil liabilities. Under *DeVaney* the evidence produced against Demmond was insufficient for the jury to infer this criminal responsibility beyond a reasonable doubt. *See, also, Johnson* v. *State* (1975), 164 Ind. App. 12, 326 N.E.2d 637.

The conviction must therefore be reversed.

Staton, P.J. and Hoffman, J., concur.

NOTE.—Reported at 333 N.E.2d 922.