**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**JEFFREY E. STRATMAN**
Aurora, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana



FILED

Sep 28 2012, 9:40 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| NATHAN HAAS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 15A01-1203-CR-109 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DEARBORN CIRCUIT COURT
The Honorable James D. Humphrey, Judge
Cause No. 15C01-0208-FA-2

**September 28, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Nathan Haas appeals the revocation of his probation and the reinstatement of his previously suspended sentence. Haas raises two issues, which we revise and restate as:

I.      Whether the evidence is sufficient to support the revocation of Haas's probation; and

II.     Whether the trial court abused its discretion in ordering that Haas serve his previously suspended sentence.

We affirm.

The facts most favorable to the revocation follow. In January 2003, Haas pled guilty to conspiracy to commit burglary as a class B felony and was sentenced to twenty years imprisonment.[1] See Haas v. State, 849 N.E.2d 550, 552 (Ind. 2006). On appeal, the Indiana Supreme Court remanded the case to the trial court for re-sentencing proceedings due to the trial court's findings as to certain invalid aggravators. See id. at 556. On remand, pursuant to an agreement between Haas and the State as to aggravating

---

[1] The Indiana Supreme Court's recitation of the facts of the case states in part:

On the night of August 5, 2002, Nathan Haas and three others (David Fields, Mike Green, and Bryan Allen) went to the residence of Judith and Larry Pohlgeers with burglary in mind. Green and Fields broke into the home through a back door, and attacked the Pohlgeers, hitting the elderly couple several times with a pipe brought along by Fields. Green and Fields searched a dresser in the Pohlgeers' bedroom before leaving the house. Haas and Allen watched the burglary from the back door but did not enter the home.

The police investigation eventually focused on Haas and Green, partly because the police learned that the two had participated in a previous, unreported burglary of the home in 2000 during which money was stolen from the same dresser searched in the August 2002 burglary. Haas admitted his involvement in the 2002 burglary to the police, and the State charged him with burglary, two counts of aggravated battery, and conspiracy to commit burglary.

On January 10, 2003, Haas pled guilty to an amended conspiracy charge as a class B felony in exchange for having the other charges dropped. . . .

Haas v. State, 849 N.E.2d 550, 552 (Ind. 2006).

factors, the trial court sentenced Haas to twenty years with ten years suspended to probation.

On December 20, 2011, the State filed a notice of probation violation alleging that Haas had committed new criminal offenses. On February 13, 2012, the court held a hearing on the alleged probation violation at which the State presented evidence including the testimony of Haas's probation officer and Sunman Police Lieutenant David Bruns. Haas's probation officer testified that Haas was released from the Department of Correction (the "DOC") on February 12, 2007, and began his ten years of probation that day. The probation officer further testified that new charges of burglary as a class C felony and receiving, retaining or disposing of stolen property as a class D felony had been filed against Haas in Ripley County, Indiana, under cause number 69C01-1112-FC-31 ("Cause No. 31").

Lieutenant Bruns testified that he investigated the theft of a set of rings from a storage unit in Ripley County, Indiana, which had been rented by Lora Gaylord and Steven McKitterick. Lieutenant Bruns testified that McKitterick visited the storage unit on November 23, 2011, after being away for two weeks and discovered that the lock had been removed, the unit was open, and the rings were missing. One of the missing rings was Gaylord's 1995 class ring which included an engraving of her maiden name. Lieutenant Bruns testified that Haas had been renting a storage unit directly around the corner from the unit rented by Gaylord and McKitterick. Lieutenant Bruns learned from law enforcement in Harrison, Ohio, that a sale of a large amount of rings had been made to Ellson's Jewelry in Harrison. As part of the transaction, Ellson's Jewelry had retained

3

a photocopy of the driver's license of the person who sold the rings and recorded a description of the items. Lieutenant Bruns identified Haas from the copy of his driver's license retained by Ellson's Jewelry, and Gaylord identified the rings which had been sold by Haas to Ellson's Jewelry as the items that had been taken from the storage unit. The trial court heard arguments regarding the evidence of the alleged violation, found that Haas violated the terms of his probation, revoked Haas's probation, heard arguments regarding sanctions, and ordered Haas to serve his previously suspended sentence of ten years in the DOC.

## I.

The first issue is whether the evidence is sufficient to support the revocation of Haas's probation. A probation revocation hearing is civil in nature, and the State need only prove the alleged violations by a preponderance of the evidence. Cox v. State, 706 N.E.2d 547, 551 (Ind. 1999), reh'g denied. We will consider all the evidence most favorable to supporting the judgment of the trial court without reweighing that evidence or judging the credibility of witnesses. Id. If there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated any terms of probation, we will affirm its decision to revoke probation. Id. The violation of a single condition of probation is sufficient to revoke probation. Wilson v. State, 708 N.E.2d 32, 34 (Ind. Ct. App. 1999).

Haas argues that the new offenses were alleged to have been charged in Ripley County, Indiana, that the only evidence of any alleged crime occurred in Harrison, Hamilton County, Ohio, and that the only evidence on that issue is Officer Bruns's

testimony that Haas looked like the person identified by the driver's license retained by the jewelry store owner. Haas further argues that no evidence was presented that he knew the rings were stolen, that the fact that Haas was allegedly renting a storage unit near the one that suffered a break-in is not sufficient evidence that he was the one responsible for the break-in, and that there is very limited circumstantial evidence concerning how the stolen rings might have come into Haas's possession. The State argues that the evidence is sufficient to sustain the revocation of Haas's probation, that Haas rented a storage unit around the corner from the unit in Ripley County, Indiana, belonging to Gaylord, that Gaylord was able to identify the rings Haas sold in Harrison, Ohio, as those which were stolen from her storage unit, and that Officer Burns made an in-court identification of Haas as the person whose driver's license had been copied at the jewelry store.

The requirement that a probationer obey federal, state, and local laws is automatically a condition of probation by operation of law. Williams v. State, 695 N.E.2d 1017, 1019 (Ind. Ct. App. 1998); Ind. Code § 35-38-2-1(b) ("If the person commits an additional crime, the court may revoke the probation."). "A criminal conviction is prima facie evidence of a violation and will alone support a revocation of probation." 695 N.E.2d at 1019.

When, as here, the alleged probation violation is the commission of a new crime, the State does not need to show that the probationer was convicted of a new crime. Whatley v. State, 847 N.E.2d 1007, 1010 (Ind. Ct. App. 2006). The allegation that a probationer has violated probation "only has to be proven by a preponderance of the

evidence." Id. In other words, the evidence need only show that it is more likely true than not true that Haas engaged in criminal activity. See Demmond v. State, 333 N.E.2d 922, 923-924, 166 Ind. App. 23, 25 (Ind. Ct. App. 1975). The trial court needs only to find that there was probable cause to believe that Haas violated a criminal law. Whatley, 847 N.E.2d at 1010.

The record reveals that Haas sold a set of rings to a jewelry store in Harrison, Ohio, which had been taken from the storage unit that had been rented by Gaylord and McKetterick in Ripley County, Indiana. The State presented evidence of Haas's identity as the seller, the fact that the items sold to the jewelry store belonged to Gaylord, that the lock on the storage unit had been removed, and that Haas had rented a storage unit directly around the corner from the one rented by Gaylord and McKetterick. Based upon the record, we conclude that the evidence presented during the probation revocation hearing was sufficient to prove by a preponderance of the evidence that Haas violated his probation by committing the unrelated criminal offense charged in Cause No. 31. Haas effectively asks this court to reconsider the credibility of the witnesses and to reweigh the evidence, which we cannot do. See Cox, 706 N.E.2d at 551.

## II.

The next issue is whether the court abused its discretion in ordering that Haas serve the entirety of his previously suspended sentence in the DOC. Haas argues that he received the maximum punishment of ten years that he could receive for the probation revocation and that, although criminal history is a factor for the court to consider, the court failed to consider Haas's employment, the fact that he cared for his family and the

6

hardship a ten-year sentence would create for his dependents, and the lack of any other probation violations or criminal involvement for more than four years. The State argues that Haas committed a violent burglary in 2000 in which two elderly victims were bludgeoned with a pipe, that Haas's juvenile history includes four adjudications of theft, and that, with the current probation violation, Haas stole the property of another for the fifth time. The State also argues that the continual burglaries and thefts by Haas throughout his life demonstrates that the court properly ordered the execution of his previously suspended sentence.

At the time of Haas's violations and the probation revocation hearing, Ind. Code § 35-38-2-3(g) set forth a trial court's sentencing options if the trial court finds a probation violation and provided:

> If the court finds that the person has violated a condition at any time before termination of the period, the court may impose one (1) or more of the following sanctions:
>
> (1) Continue the person on probation, with or without modifying or enlarging the conditions.
>
> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
>
> (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

Ind. Code § 35-38-2-3(g) (subsequently amended by Pub. L. 147-2012 (eff. Jul. 1, 2012) (amending Ind. Code § 35-38-2-3 and setting forth the contents of subsection (g) under subsection (h)). This provision permits judges to sentence offenders using any one of or

7

any combination of the enumerated options. Prewitt v. State, 878 N.E.2d 184, 187 (Ind. 2007).

The Indiana Supreme Court has held that a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. Id. at 188. The Court explained that "[o]nce a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed" and that "[i]f this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants." Id. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. Id. (citation omitted). As long as the proper procedures have been followed in conducting a probation revocation hearing, "the trial court may order execution of a suspended sentence upon a finding of a violation by a preponderance of the evidence." Goonen v. State, 705 N.E.2d 209, 212 (Ind. Ct. App. 1999).

The record reveals that Haas, by a preponderance of the evidence and for the purposes of revocation, committed new offenses related to breaking into a storage unit and selling a number of items to a jewelry store while on probation. Further, in addition to his involvement in the 2002 burglary, for which he ultimately received a sentence of twenty years with ten years suspended, Haas participated in an unreported burglary in 2000 and, according to the testimony of his probation officer, has a juvenile history which includes the unauthorized use of a motor vehicle and theft in Hamilton County, Ohio in 2000; conversion and run away involving his mother's vehicle in Dearborn

8

County, Indiana in June 2000; theft in Hamilton County, Ohio in June 2000; battery in Ripley County, Indiana in December 2000; and theft in Hamilton County, Ohio in June 2001.

Given the circumstances as set forth above and in the record, we cannot say that the court abused its discretion in ordering Haas to serve his previously suspended sentence of ten years. See Milliner v. State, 890 N.E.2d 789, 793 (Ind. Ct. App. 2008) (holding that the trial court did not abuse its discretion in reinstating the probationer's entire previously suspended sentence), trans. denied.

For the foregoing reasons, we affirm the trial court's revocation of Haas's probation and order that Haas serve his previously suspended sentence in the DOC.

Affirmed.

FRIEDLANDER, J., and PYLE, J., concur.