Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

**FILED**

May 09 2013, 8:40 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOHN T. WILSON**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JONATHAN R. SICHTERMANN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| DEMETRICK CAMERON, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 48A02-1209-CR-733 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Thomas Newman, Jr., Judge
Cause No. 48D03-1007-FC-337

**May 9, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Demetrick Cameron appeals the revocation of his probation for his failure to pay child support. Cameron raises one issue, which we restate as whether the evidence is sufficient to support the revocation of his probation. We affirm.

**Facts and Procedural History**

Cameron has two children, J.C. and M.S. On July 26, 2010, the State charged Cameron with nonsupport of a dependent child as a class C felony alleging that he knowingly failed to provide support to his dependent child J.C. giving rise to unpaid child support due and owing in an amount of $27,858.27. On December 27, 2010, Cameron and the State entered into a plea agreement pursuant to which Cameron agreed to plead guilty as charged and the State agreed to recommend that he receive a sentence of eight years suspended to probation. Cameron pled guilty pursuant to the plea agreement, and the trial court sentenced him to eight years, all of which was suspended to probation.

On July 20, 2012, the State filed a Notice of Violation of Probation alleging that Cameron committed the new criminal offense of nonsupport of a dependent child as a class C felony under cause number 48C01-1202-FC-297 ("Cause No. 297") and failed to pay child support as ordered. On August 6 and 13, 2012, the court held an evidentiary hearing at which the parties presented evidence and arguments. At the hearing, the State presented Cameron's payment history with respect to his support obligation which shows that Cameron made twenty-one support payments in 2002, twelve payments in 2003, one payment in 2004, and four payments in 2008. Cameron testified that he was on probation for non-support of J.C. and that the State's allegation was that there was a new charge of non-support filed against him with respect to M.S. He testified that he went to prison for

2

battery of M.S.'s mother and that in 1999 or 2000 his visitation rights with respect to M.S. were suspended. Cameron indicated that he believed that his weekly support payment of thirty-four dollars had ceased when his visitation was suspended.

The State presented testimony that Cameron made four payments in 2008, that his last support payment with respect to M.S. was on September 19, 2008, and that since that time Cameron had not made any additional support payments. The trial court noted that Cameron was placed on probation in 2011, and the State responded, noting that Cameron's position was that he was unaware that he was required to make support payments, and that the evidence introduced by the State was intended to establish that Cameron's payments throughout the years showed that he had to be aware that he was responsible for making payments. M.S.'s mother testified that Cameron sent her an instant message on Facebook saying that if M.S. needed anything to ask him, that she told Cameron "to send the money to the courthouse to pay his child support," and that Cameron "said that he didn't want the white man in his business." Transcript at 57. M.S.'s mother testified that she had not received any support payments since that communication. When asked if he had income that he could apply to his support obligation, Cameron responded "Yeah, I was working at Target." Id. at 60. Cameron acknowledged that he had not paid support for M.S. after December of 2011. Cameron testified that, when his visitation with M.S. was taken away, he asked his attorney if he still had to pay child support and that his attorney must have misled him in stating that he did not have to pay support. He further testified that there had not been a child support warrant for him and he thought that meant that he did not have to pay child support.

3

Cameron disputed the testimony of M.S.'s mother regarding his comments after making contact on Facebook. The court found Cameron violated his probation and ordered that he serve his previously-suspended sentence.

**Issue and Standard of Review**

The issue is whether the evidence is sufficient to support the revocation of Cameron's probation. Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. Smith v. State, 963 N.E.2d 1110, 1112 (Ind. 2012). A trial court's probation decision is subject to review for abuse of discretion. Id. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. Id. A probation hearing is civil in nature and the State need only prove the alleged violations by a preponderance of the evidence. Id. We will consider all the evidence most favorable to supporting the judgment of the trial court without reweighing that evidence or judging the credibility of witnesses. Id. If there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated any terms of probation, we will affirm its decision to revoke it. Id. The violation of a single condition of probation is sufficient to revoke probation. Wilson v. State, 708 N.E.2d 32, 34 (Ind. Ct. App. 1999).

**Discussion**

A person's probation may be revoked if "the person has violated a condition of probation during the probationary period." Ind. Code § 35-38-2-3(a)(1). In order to obtain a revocation of probation, "the state must prove the violation by a preponderance of the evidence." Ind. Code § 35-38-2-3(f). Further, "[p]robation may not be revoked for

4

failure to comply with conditions of a sentence that imposes financial obligations on the person unless the person recklessly, knowingly, or intentionally fails to pay." Ind. Code § 35-38-2-3(g).

Cameron contends that the State presented insufficient evidence that he violated a condition of his probation and that the State failed to meet its burden that he recklessly, knowingly or intentionally failed to pay his financial obligations. He argues the State failed to prove "that he was ordered to pay support as a condition of probation" and that "the Probation Order/Specific Conditions of Sentence signed by Cameron on January 10, 2011 it [sic] specifically shows that child support is not a condition of probation." Appellant's Brief at 8. Cameron further argues that he was advised by his attorney, "following a visitation hearing in 1999 or 2000 in which his visitation was suspended, that his support obligation was also stopped" and that "[f]or eleven years there was never any indication from the Courts otherwise." Id. Cameron asserts that the State failed to meet its burden to show that he was aware of a high probability that he was not paying current support every week and that the trial court's order revoking his probation should be reversed. Cameron also argues that he presented evidence that an alternative should be considered and that the trial court abused its discretion by sending him to prison.

The State maintains that Cameron was ordered to pay child support for M.S., that his visitation rights were terminated in either 1999 or 2000, that Cameron made twenty-one support payments in 2002, twelve in 2003, one in 2004, and four in 2008, and that Cameron has made no payments since September 18, 2008. The State argues that it alleged Cameron violated his probation by committing a new criminal offense and that a

5

person violates Indiana law by failing to pay child support. The State further argues that, although the conversation with his attorney occurred sometime between 1998 and 2000, Cameron subsequently made a total of thirty-eight child support payments, that in 2009 or 2010 M.S.'s mother told Cameron to pay the support he owed and he refused, and that the payments and the request of M.S.'s mother prove that Cameron at least knowingly and most likely intentionally failed to pay his child support obligations with respect to M.S.

The requirement that a probationer obey federal, state, and local laws is automatically a condition of probation by operation of law. Williams v. State, 695 N.E.2d 1017, 1019 (Ind. Ct. App. 1998); Ind. Code § 35-38-2-1(b) ("If the person commits an additional crime, the court may revoke the probation."). When the alleged probation violation is the commission of a new crime, the State does not need to show that the probationer was convicted of a new crime. Whatlev v. State. 847 N.E.2d 1007, 1010 (Ind. Ct. App. 2006). The allegation that a probationer has violated probation "only has to be proven by a preponderance of the evidence." Id. In other words, the evidence need show only that it is more likely true than not true that Henderson engaged in criminal activity. See Demmond v. State, 166 Ind. App. 23, 25, 333 N.E.2d 922, 923-924 (1975).

In Runyon v. State, the Indiana Supreme Court held that if the violation of a probation condition involves a financial obligation, then the probationer must be shown to have recklessly, knowingly, or intentionally failed to pay. 939 N.E.2d 613, 616 (Ind. 2010). The Court determined "[a]s to the fact of violation, the statute expressly imposes

6

the burden of proof upon the State. But with respect to the ability to pay, the burden of proof is not explicitly designated." Id. The Court held, "it is the State's burden to prove both the violation and the requisite state of mind in order to obtain a probation revocation." Id. With respect to the ability to pay, the Court held that it is the defendant probationer's burden "to show facts related to an inability to pay and indicating sufficient bona fide efforts to pay so as to persuade the trial court that further imprisonment should not be ordered." Id. at 617 (citing Woods v. State, 892 N.E.2d 637, 641 (Ind. 2008)).

The record reveals that the State presented evidence that Cameron's last support payment with respect to M.S. was on September 19, 2008, and that since that time he had not made any support payments. Also, Cameron acknowledged that he had not paid support for M.S. after December of 2011. Based on the record, the State demonstrated that Cameron failed to pay his weekly support obligations which constituted a new criminal offense which was prohibited as a condition of his probation. See Smith, 963 N.E.2d at 1113 (finding that the record made clear that Smith failed to pay weekly support obligations as a required condition of his probation).

With respect to whether the State showed that Cameron failed to make the support payments knowingly, intentionally, or recklessly, the Indiana Supreme Court has held that "because the phrase 'recklessly, knowingly, or intentionally' appears in the disjunctive and thus prescribes alternative considerations, the state of mind requirement may be satisfied by adequate evidence that a defendant's failure to pay a probation imposed financial obligation was either reckless, knowing, or intentional." Id. (citing Runyon, 939 N.E.2d at 616). "Ind. Code § 35-41-2-2(b) provides that a person engages

in conduct 'knowingly' if, when he or she engages in the conduct, the person is aware of a 'high probability' that he or she is doing so." Id. "Because knowledge is a mental state of the actor, it may be proved by circumstantial evidence and inferred from the circumstances and facts of each case." Id. (citation omitted). Thus, in order to sustain the probation revocation in this case, the evidence must show that Cameron was aware of a high probability that he was not paying his current support obligation. See id. (noting that "in order to sustain the probation revocation in this case, the evidence must show that Smith was aware of a high probability that he was not paying current support every week . . . .") (internal quotation marks and brackets omitted). While Cameron argued that he was unaware that he was required to make child support payments for M.S., M.S.'s mother testified that she told Cameron to send the money to the courthouse to pay his child support and that Cameron did not do so. In addition, the State presented the payment history of Cameron's support payments with respect to M.S. showing that Cameron made twenty-one support payments in 2002, twelve payments in 2003, one payment in 2004, and four payments in 2008, most of which were in the amount of thirty-four dollars. This evidence suggests that Cameron was aware that he was required to make support payments for M.S.

Moreover, Cameron does not argue or point to the record to show that he argued below that he was unable to make the requisite payments. When asked if he had income that he could apply to his support obligation, Cameron responded affirmatively and stated that he had been working at Target. "It is the probationer's burden to show facts related to the inability to pay and indicating sufficient bona fide efforts to pay so as to persuade

8

the trial court that further imprisonment should not be ordered." Smith, 963 N.E.2d at 1114 (citing Runyon, 939 N.E.2d at 617)). Cameron failed to carry his burden to show an inability to pay or that he made bona fide efforts to do so.

Based upon the evidence and under the circumstances, we conclude that the trial court as the finder of fact could reasonably conclude by a preponderance of the evidence that Cameron knowingly failed to pay current child support which constituted a new criminal offense and a violation of the terms of his probation. See Smith, 963 N.E.2d at 1114 (holding that, from the testimony given by the probationer, "we are of the view that the trial judge as fact finder could reasonably conclude that Smith knowingly failed to pay current child support every week as required by the terms of his probation"). Accordingly, we conclude that the trial court did not abuse its discretion in revoking Cameron's probation.

To the extent Cameron argues that the court abused its discretion by sending him to prison, we note that probation is a matter of grace and a conditional liberty, not a right to which a defendant is entitled. Smith, 963 N.E.2d at 1112. The trial court determines the conditions of probation and may revoke probation if the conditions are violated. Prewitt v. State, 878 N.E.2d. 184, 188 (Ind. 2007). A trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. Id. An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances. Smith, 963 N.E. 2d at 1112. The evidence shows that Cameron committed the new offense of nonsupport of a dependent as a class C felony. "Proof of any one violation is sufficient to revoke a defendant's probation."

9

Figures v. State, 920 N.E.2d 267, 273 (Ind. Ct. App. 2010). The State presented sufficient evidence to establish that Cameron knowingly failed to make payments toward his child support obligation. Considering the evidence, we cannot say that the trial court abused its discretion in revoking Cameron's probation and ordering that Cameron serve his previously-suspended sentence.

## Conclusion

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

RILEY, J., and BRADFORD, J., concur.